### Margaret Weber v. Almeda Owens.

1. CONTRACTS—*For the Sale of Property—Where Partial Payments Can Not be Recovered Back.*—Where parties enter into a contract for the sale of property, conditioned that upon the making of certain payments the vendee should be entitled to a clear bill of sale, with no incumbrance, the fact that there was a chattel mortgage upon the property, not released of record, is not sufficient to justify the vendee in refusing to complete the payments on his part and authorize him to sue for and recover the money already paid thereon.

Assumpsit, for money paid, etc. Appeal from Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed. Opinion filed October 23, 1900.

John M. Hess, attorney for appellant.

No appearance by appellee.

Mr. Justice Freeman delivered the opinion of the court.

This was an appeal from a judgment rendered by a justice of the peace. The suit was tried upon the short cause calendar in the Superior Court, to which objection was made, which is urged upon our attention here. We prefer, however, to dispose of the case upon the merits.

The parties entered into a contract in writing, whereby appellee agreed to pay appellant $75 a week in advance, to be applied in the "purchase of Flat 19, sixth floor, Argyle building," etc., which payment included the rent, and possession until the first of May, 1899. Appellant agreed to give "a clear bill of sale with no incumbrance," and turn over the lease, providing appellee "fulfills her part of the agreement." Appellee took possession and paid three of the weekly installments, when she discovered that there was a chattel mortgage upon the property, not released of record. She thereupon abandoned the premises and brought suit to recover the amount she had paid upon the contract.

The evidence is undisputed that the debt secured by the mortgage in question had been paid some months before the contract of sale. The release had not then been recorded, although appellant testifies she supposed it had been. She states, however, that upon discovering that it had not been released of record, she offered to have it released before the commencement of this suit, and allow appellee to retain possession if the payments were kept up.

By the language of the contract, the "clear bill of sale with no incumbrance" was only to become due "providing Mrs. A. Owens fulfills her part of the agreement." Under such an arrangement the mere fact that a former incumbrance which had been paid had not yet been released of record, was not of itself sufficient ground to entitle appellee, after refusing to go on under the contract, to sue for and seek to recover back the amount paid thereon. She had

not as yet fulfilled her part of the agreement, so as to become entitled to the " clear bill of sale." She had full and undisturbed possession of the premises, and proceeded somewhat hastily, to say the least.

The judgment is reversed.